UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODRIGUEZ,<br><br>                Plaintiff,<br>     v.<br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. EDCV 10-1371-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as the grounds for reversal and/or remand are as follows:

(1) Whether the administrative law judge ("ALJ"), F. Keith Varni, should have obtained vocational expert testimony in light of the presence of nonexertional limitations; and

(2) Whether the ALJ made proper credibility findings and properly considered Plaintiff's subjective symptoms.

(JS at 2.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

## III.
## DISCUSSION

**A.   The ALJ's Findings.**

The ALJ found that Plaintiff has a severe impairment of the musculoskeletal system. (Administrative Record ("AR") at 11.) The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of medium work. (Id. at 13.) Relying on Rule 203.21 of the Medical-Vocational Guidelines, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Id. at 13-14.) The ALJ noted that even if Plaintiff were limited to light work, she would not be disabled under Rule 202.13 of the Medical-Vocational Guidelines. (Id. at 14.)

**B.   The ALJ's Credibility Determination and Consideration of Plaintiff's Subjective Symptoms.**

Plaintiff contends that the ALJ erred in finding that her reported symptoms and limitations were not credible and failing to provide sufficient reasons for rejecting her subjective complaints of impairment. (JS at 8-15.) Specifically, at the administrative hearing, Plaintiff testified about the nature and extent of her condition. She testified that: she suffers from lower back pain (AR at 18-19); her back pain runs down to her legs and increases during cold temperatures, if she sits too long, walks too far, does "any kind of bending," or stands for long periods of time (id. at 19, 27, 32); she can sit for only thirty to forty-five minutes at a time and stand for only one hour at a time, can walk "probably a block or less," can lift only about ten pounds, and has to lie down for four to six hours during the day (id. at 18, 22-23, 26, 29-31); she wears a back brace and takes Naproxen and Robaxin to relieve her symptoms (id. at 19-22); she expects she would miss two days a week of work because of her pain (id. at 26-27); and her pain has become worse in recent years (id. at 28).

In his decision, the ALJ found that Plaintiff's medically determinable

impairment "could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects" of her symptoms were not credible "to the extent they are inconsistent with the above residual functional capacity assessment." (Id. at 12.) In support of his credibility determination, the ALJ summarized the internal medicine evaluation performed by consultative examiner Dr. Rocely Ella-Tamayo, M.D., noting that "[t]he physical examination was unremarkable." (Id. at 12-13.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell, 947 F.2d at 343.

To determine whether a claimant's testimony regarding the severity of her

symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

Here, because the ALJ made no finding that the Plaintiff was malingering, the ALJ was required to justify his credibility determination with clear and convincing reasons. See Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The ALJ found only that the results of Dr. Ella-Tamayo's evaluation of Plaintiff was unremarkable. (AR at 13.) The Court understands this statement to mean that the ALJ discounted Plaintiff's credibility because he believed the objective medical findings did not support her subjective symptoms.

An ALJ cannot rely solely on an absence of supporting objective medical findings to reject a claimant's credibility. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) ("Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence."). A claimant need not produce evidence of subjective symptoms other than her own testimony. Bunnell, 947 F.2d at 344 ("The claimant must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.") (internal quotations omitted).

Here, Plaintiff testified, and/or reported to physicians, that she experiences significant lower back pain. (Id. at 18-32, 99, 101, 113, 150, 166, 185, 203.) The

objective medical evidence demonstrates that Plaintiff suffers from residual back pain due to her prior back surgery and compression of her L2 vertebrae. (Id. at 149-50, 191, 204, 217, 224-25.) Because Plaintiff produced medical evidence of an underlying impairment that the ALJ determined could reasonably be expected to cause her alleged symptoms, objective medical findings are not required to support their alleged severity. Bunnell, 947 F.2d at 344-45. Thus, a lack of corroborating objective evidence was an insufficient reason, on its own, for the ALJ to find Plaintiff's testimony to be not credible.

In explaining that "[t]he physical examination was unremarkable[,]" the ALJ conceivably may have meant that Plaintiff's testimony was inconsistent with the objective medical evidence, rather than merely not supported by the evidence.[3] However, the ALJ did not explain how any of Plaintiff's specific testimony was supposedly inconsistent with any objective evidence. Rather, the ALJ stated:

> On October 8, 2007, the claimant underwent an internal medicine evaluation by Rocely Ella-Tamayo, M.D. Then, the claimant complained of back pain and history of heart murmur. She reported she fell and injured her back in 1978. She had back surgery with bone graft and 2 Harrington rods put in. She has back pain now with prolonged walking, sitting or standing. Occasionally her right leg gets numb. She takes pain medication, uses a heating pad, changes positions or does bed rest, which helps. She reported a history of heart murmur diagnosed as

---

[3] The Court cannot discern any other reason provided by the ALJ to justify his credibility determination and will not attempt to do so. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision . . .").

a teenager. She was not put on any medication for it. She denies any cardiopulmonary symptoms. She walks 1 ½ blocks. She picks up about 20 pounds. She takes the bus to go out or gets a ride. She fixes the bed and she goes to the main house and has breakfast there. She has been living in a drug and alcohol program for the past 5 months. She does book work, reading and answering questions, writing down the answers. She goes to meetings in the morning and afternoon. She lies down at noon for a nap. She cleans up her area and her bathroom. The claimant states that she was an assembler until she stopped in the 1980s because of back pain. She smoked 5 cigarettes a day for 15 years and quit 3 years ago. The physical examination was unremarkable. Range of motion is within normal limits. A lumbar spine x-ray revealed two rods along the dorsal aspect from T12 to L4, with anterior compression of L2. There is disc degeneration at L1-L2, L2-L3 and L3-L4. Dr. Ella-Tamayo set forth a diagnosis of status post back surgery with residual back pain, soft heart murmur, and past chronic nicotine, alcohol and methamphetamine abuse. The claimant is restricted in pushing, pulling, lifting, and carrying to about 50 pounds occasionally and about 25 pounds frequently. Sitting is unrestricted. In terms of standing and walking, the claimant is able to stand and walk 6 hours out of an 8-hour workday with normal breaks. There are no postural restrictions including kneeling and squatting. There is no functional impairment observed on both hands . . . ."

(Id. at 13.)

Plaintiff's reported lower back pain does not necessarily conflict with this objective evidence. The ALJ merely summarized the medical evidence and drew a conclusion as to Plaintiff's credibility without providing any analysis. "While an ALJ may certainly find testimony not credible and disregard it . . . , [courts] cannot

affirm such a determination unless it is supported by specific findings and reasoning." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 884-85 (9th Cir. 2006).

In the absence of sufficient reasons for rejecting Plaintiff's testimony, the ALJ's credibility determination was error. Accordingly, this action should be remanded to allow the ALJ to set forth legally sufficient reasons for rejecting Plaintiff's testimony, if the ALJ again determines rejection is warranted.

**C.     The ALJ's Reliance on the Medical-Vocational Guidelines.**

In her remaining claim, Plaintiff contends that the ALJ erroneously relied on the Medical-Vocational Guidelines and failed to obtain vocational expert ("VE") testimony regarding Plaintiff's ability to perform jobs that exist in significant numbers in the national economy in light of her "significant non-exertional limitations." (JS at 3-5.) Any conclusions as to the applicability of the Medical-Vocational Guidelines are dependent upon findings relating to her impairment as reflected in her subjective complaints. Accordingly, on remand to reconsider Plaintiff's credibility, the ALJ also shall determine whether application of the Medical-Vocational Guidelines is appropriate, and/or whether he should elicit testimony from a VE.

**D.     This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court concludes that further administrative proceedings would serve a useful purpose and remedy the administrative defects discussed above.

## IV.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: May 3, 2011

HONORABLE OSWALD PARADA
United States Magistrate Judge